# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERNEST JOHN McKENZIE, M.D., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. CIV-11-1106-M |
| | ) |
| U.S. CITIZENSHIP AND | ) |
| IMMIGRATION SERVICES, DISTRICT | ) |
| DIRECTOR, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is respondent's Motion to Dismiss and Memorandum in Support of Motion to Dismiss Petitioner's Petition to Amend Certificate of Naturalization, filed June 28, 2012. On August 14, 2012, petitioner filed his response, and on August 21, 2012, respondent filed his reply. Based upon the parties' submissions, the Court makes its determination.

Petitioner was born on April 25, 1948, as a citizen of Canada where he was baptized 8 days later on May 3, 1948. The baptismal record was destroyed in a fire at the church where he was baptized. The original birth certificate issued to petitioner incorrectly listed his date of birth as May 3, 1948. When petitioner applied for naturalization in 2004, he submitted his Canadian birth certificate as proof of a May 3, 1948 date of birth. Petitioner was naturalized on February 27, 2004, and his certificate states his date of birth as May 3, 1948.

In 2008, the Canadian Department of Vital Statistics issued petitioner a new birth certificate with the correct date of birth after reviewing documentation that he had consistently used April 25, 1948 on a majority of documents. On May 25, 2011, respondent denied petitioner's request to correct his date of birth on the certificate of naturalization. On September 30, 2011, petitioner filed a Petition to Amend Certificate of Naturalization in this Court, seeking to amend his naturalization

certificate to accurately reflect the date that he was born. Through his petition to amend, petitioner is not seeking a review of respondent's decision to deny his application to amend his certificate of naturalization but is requesting this Court, pursuant to 8 C.F.R. § 334.16(b), to order respondent to amend his certificate of naturalization.

Respondent now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the Petition to Amend Certificate of Naturalization for lack of subject matter jurisdiction. Respondent contends that the regulation at 8 C.F.R. § 334.16(b) does not provide this Court jurisdiction to consider petitioner's petition. Petitioner, on the other hand, contends that 8 C.F.R. § 334.16(b) does provide this Court jurisdiction.

8 C.F.R. § 334.16(b) provides:

> (b) After final action on petition. Whenever an application is made to the court to amend a petition for naturalization <u>after final action thereon has been taken by the court</u>, a copy of the application shall be served upon the district director having administrative jurisdiction over the territory in which the court is located, in the manner and within the time provided by the rules of court in which application is made. No objection shall be made to the amendment of a petition for naturalization after the petitioner for naturalization has been admitted to citizenship if the motion or application is to correct a clerical error arising from oversight or omission. A representative of the Service may appear at the hearing upon such application and be heard in favor of or in opposition thereto. When the court orders the petition amended, the clerk of court shall transmit a copy of the order to the district director for inclusion in the Service file.

8. C.F.R. § 334.16(b) (emphasis added).[1]

To fully understand the purpose of this regulation, a little background regarding who had naturalization authority and when is necessary. Prior to 1990, the judiciary had authority to

---

[1] On August 29, 2011, respondent repealed this regulation, effective November 28, 2011.

naturalize citizens and also had statutory authority to amend naturalization orders. *See* 8 U.S.C. § 1451(i) (1990). The regulation set forth in 8 C.F.R. § 334.16(b) was implemented based upon the judiciary's statutory authority to amend naturalization orders. In 1990, Congress transferred naturalization authority from the judiciary to the Attorney General. *See* Immigration Act of 1990, Pub. L. No. 101-649, Title IV, § 407(18)(D), 104 Stat. 5046 (1990) (codified at 8 U.S.C. § 1421(a)). Based upon the transfer of authority to the Attorney General, 8 U.S.C. § 1451(i) (now (h)) was amended to give the Attorney General, rather than the judiciary, the statutory authority to amend naturalization orders.

The Tenth Circuit has noted that the United States Supreme Court "will rarely recognize an implied private cause of action arising from a mere regulation." *Hanson v. Wyatt*, 552 F.3d 1148, 1157 (10th Cir. 2008). The Tenth Circuit further has noted that a regulation that contains rights-creating language can not create a right that Congress has not. *See id.*

In the case at bar, there is no statutory or constitutional basis upon which this Court may exercise subject matter jurisdiction. The statutory basis that did exist, 8 U.S.C. § 1451(i), was amended in 1990 to take away the judiciary's statutory authority to amend naturalization orders. Based upon *Hanson*, the Court finds that 8 C.F.R. § 334.16(b) alone can not confer subject matter jurisdiction on this Court.

Further, the Court finds that even if 8 C.F.R. § 334.16(b), by itself, could confer subject matter jurisdiction, § 334.16(b) does not apply to the facts in this case.[2] Petitioner was naturalized in 2004, well after the transfer of naturalization authority from the judiciary to the Attorney General

---

[2]Because prior to 1990, the order naturalizing an individual was a court order, a court would have jurisdiction to amend a pre-1990 certificate of naturalization (naturalization order) pursuant to Federal Rule of Civil Procedure 60.

in 1990. Thus, this Court did not take "final action" on petitioner's petition for naturalization. Because 8 C.F.R. § 334.16(b) only applies to applications "to the court to amend a petition for naturalization after final action thereon has been taken by the court," § 334.16(b) does not apply and, therefore, can not confer subject matter jurisdiction on this Court.

Accordingly, the Court finds that it lacks subject matter jurisdiction over petitioner's Petition to Amend Certificate of Naturalization and that this action should be dismissed. The Court, therefore, GRANTS respondent's Motion to Dismiss [docket no. 13].

**IT IS SO ORDERED this 28th day of November, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE